**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**CYNTHIA S. NIEMAN,**

                                **Plaintiff,**

  vs.                                                5:12-CV-732
                                                           (MAD/TWD)

**SYRACUSE UNIVERSITY OFFICE OF**
**HUMAN RESOURCES,**

                                **Defendant.**
_____

**APPEARANCES:**                                **OF COUNSEL:**

Cynthia S. Nieman
108 White Heron Circle
Fayetteville, New York 13066
*Plaintiff Pro Se*

BOND, SCHOENECK & KING, PLLC      Peter A. Jones, Esq.
One Lincoln Center                              Andrew D. Bobrek, Esq.
Syracuse, New York 13202                   Katherine R. Schafer, Esq.
*Attorneys for Defendant*

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

## INTRODUCTION

      Plaintiff, appearing *pro se*, commenced the within action alleging that defendant terminated her, retaliated against her and discontinued her disability benefits in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. ("Title VII") and the Americans with Disability Act, 42 U.S.C. § 12101 *et seq*. ("ADA"). Presently before the Court is defendant Syracuse University's ("defendant") motion for judgment on the pleadings pursuant to Rule 12(

c) of the Federal Rules of Civil Procedure.[1] (Dkt. No. 12). Plaintiff opposes the motion. (Dkt. No. 22).

## BACKGROUND[2]

Plaintiff was employed for eighteen years as an administrative assistant at Syracuse University.[3] On February 5, 2010, plaintiff was notified that her payments under the Syracuse University Salary Continuation Plan (the "Plan") would terminate on February 5, 2010.[4] On March 5, 2010, plaintiff received a letter advising her that she was terminated from employment by defendant, "effective March 5, 2010, as a result of performance deficiencies that occurred when she was working for the University".[5]

On August 27, 2010, plaintiff's former counsel sent a letter to defendant appealing the "determination upholding the termination of Cynthia Nieman's claim for benefits" and requesting that benefits be reinstated. Counsel annexed plaintiff's medical records and records from the Social Security Administration to the correspondence. Counsel asserted:

> As set forth below, each of these documents fully support the conclusion that Ms. Nieman is completely unable to work. Further, it is submitted that this overwhelming evidence clearly establishes that Ms. Nieman is, in fact, totally disabled.

On November 24, 2010, defendant responded to counsel's letter and denied plaintiff's appeal concluding:

---

[1] Defendant alleges that plaintiff incorrectly identified defendant as "Syracuse University Office of Human Resources".

[2] The background information is taken from the complaint and exhibits annexed to defendant's motion. These are not findings of fact by the Court.

[3] The record does not clearly delineate plaintiff's job title, responsibilities or dates of her employment.

[4] The February 5, 2010 letter is not part of the record herein.

[5] The March 5, 2010 letter is not part of the record herein.

> When deciding this appeal, I am required to follow the written terms of the Plan. Based upon the Plan provisions that are cited in Part I above, and for the reasons described in Part I above, Ms. Nieman's appeal for additional Plan benefits must be denied because the best available medical information indicates that she was not Totally Disabled on February 8, 2010. Moreover, apart from the fact that she was not Totally Disabled on February 8, 2010, Ms Nieman's appeal for additional Plan benefits must be denied because her employment was terminated on March 5,2010, and that termination made her ineligible for Plan benefits as described in Part H above.

On September 20, 2011, plaintiff filed a complaint with the New York State Division of Human Rights ("NYSDHR"). Plaintiff claimed that she suffered employment discrimination and alleged that the most recent date of discrimination was November 24, 2010, the date that defendant denied her appeal of the termination of her Plan benefits. Plaintiff claimed that she was discriminated against due to her disability and that she was denied "disability benefits despite clear evidence".

On December 1, 2011, the NYSDHR issued a Determination and Order After Investigation finding no probable cause, "to believe [defendant] has engaged in or is engaging in the unlawful discriminatory practice complained of". On February 7, 2012, the EEOC adopted the NYSDHR findings and issued a Notice of Suit Rights.

On May 2, 2012, plaintiff filed the within action. Plaintiff claims that she suffered employment discrimination, in violation of Title VII and ADA, based upon her disability. Plaintiff alleges that she was terminated, her benefits were discontinued and she suffered from retaliation based upon her disability.

On November 8, 2012, defendant filed the within motion.

**DISCUSSION**

**I.     Standard of Review**

The Rule 12( c) standard for judgment on the pleadings is essentially the same as the standard that courts apply to a motion to dismiss under Rule 12(b)(6). *See Johnson v. Rowley*, 569 F.3d 40, 43–44 (2d Cir. 2009) (quotation omitted). A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111–12 (2d Cir. 2007). In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption of truth, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (citation omitted).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," Fed.R.Civ.P. 8(a)(2), with sufficient facts "to 'sho[w] that the pleader is entitled to relief[,]' " *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted). Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," *see id.* at 555 (citation omitted), and present claims that are "plausible on [their] face." *Id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal,* 129 S.Ct. at 1949 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief' ". *Id.* (quoting *Twombly,* 550 U.S. at 557). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the[ ] complaint must be dismissed." *Id.* at 570.

4

In deciding a motion for judgment on the pleadings, a court may consider the factual allegations in the complaint, which are accepted as true, documents attached to the complaint as an exhibit or incorporated by reference, matters of which judicial notice may be taken, or to documents either in plaintiff's possession or of which plaintiff had knowledge and relied on in bringing suit. *Brass v. Am. Film Tech., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993). On this motion, defendant relies upon documents not annexed to plaintiff's complaint. Plaintiff does not contest the authenticity of these documents.  As discussed above, on a Rule 12( c) motion for judgment on the pleadings, the Court may consider materials outside the pleadings. While documents including plaintiff's NYSDHR complaint, NYSDHR correspondence to defendant, NYSDHR determination, plaintiff's medical reports and correspondence between defendant and plaintiff's previous attorney were not attached to plaintiff's complaint, plaintiff had notice of the documents and relied upon the documents in bringing this action. *See Gallagher v. Int'l Broth. of Elec. Workers*, 127 F.Supp.2d 139, 142–143 (N.D.N.Y. 2000).  Therefore, the documents may properly be considered by the court on a motion for judgment on the pleadings, *see id.* (citing *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47–48 (2d Cir. 1991)), *cert. denied*, 503 U.S. 960 (1992), without converting the motion for judgment on the pleadings into a motion for summary judgment. *See Sira v. Morton*, 380 F.3d 57, 66–67 (2d Cir. 2004); *see also U.S. ex rel. Phipps v. Comprehensive Cmty. Dev. Corp.*, 152 F.Supp.2d 443, 449, n. 2 (S.D.N.Y. 2001) (it is not necessary to treat defendant's motion for judgment on the pleadings as a motion for summary judgment in order to consider materials outside the pleadings).

## II.     NYSDHR Complaint

Defendant presents two arguments in support of dismissal related to plaintiff's NYSDHR complaint.  Defendant contends that all of the claims asserted in plaintiff's federal court

5

complaint are untimely because they relate to events that occurred more than 300 days before plaintiff filed her NYSDHR complaint in September 2011. In the alternative, defendant argues that all of plaintiff's claims, with the exception of plaintiff's denial of benefits claim asserted under the ADA, are subject to dismissal for failure to exhaust.

**A.     Statute of Limitations**

In New York, Title VII claims must be filed with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the alleged discriminatory act. *See* 42 U.S.C. § 2000e–5(e)(1); *see also Butts v. City of New York Dep't of Hous. Preservation & Dev*., 990 F.2d 1397, 1400 (2d Cir.1993). A charge of discrimination may be filed with either the EEOC or the New York State Division of Human Rights. *Burns v. County of Schenectady*, 2009 WL 2568546, at *5 (N.D.N.Y. 2009). Moreover, based upon a worksharing agreement between the EEOC and the NYSDHR, charges received by the Human Rights Division are automatically deemed dual-filed with the EEOC. *See Brown v. Research Found. of SUNY*, 2009 WL 1504745, at *6, n. 6 (N.D.N.Y.2009) (citing *Anderson v. Nassau County Dep't of Corr*., 2008 WL 752449, at *10 (E.D.N.Y. 2008)). "The three hundred day period serves as a statute of limitations, and claims regarding acts that occurred more than three hundred days prior to the employee's filing a charge of discrimination with the EEOC are thus time-barred." *Ragone v. Atl. Video at Manhattan Ctr*., 595 F.3d 115, 125–126 (2d Cir.2010). Discrete acts of discrimination include termination, failure to promote, denial of transfer, or refusal to hire. *Pietri v. N.Y.S. Office of Court Admin*., 2013 WL 1312002, at *9 (E.D.N.Y. 2013) (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113, 114 (2002)). Claims for discriminatory denial of benefits are also discrete, indivisible acts. *Jelcich v. Warner Bros., Inc*., 1998 WL 42574, at *5 (S.D.N.Y. 1998). Such discrete acts, "which fall outside the limitations period, cannot be brought within it, even when undertaken pursuant to

a general policy that results in other discrete acts occurring within the limitations period." *Id.* (quoting *Chin v. Port Auth. of N.Y. & N.J.*, 685 F.3d 135, 155–56 (2d Cir. 2012)).

Here, plaintiff filed her NYSDHR complaint on September 20, 2011 claiming that she believed she was discriminated against based upon her disability because she was denied disability benefits. Plaintiff admits that she was notified, on February 5, 2010, that her Plan benefits would terminate. Since she was aware of that decision outside of the 300 day period, plaintiff's claims of discrimination based upon this denial are time barred. *Jelcich*, 1998 WL 42574, at *5 (since the plaintiff knew in 1990 that her contract did not provide her with certain benefits, time began running in 1990, well outside the 300–day period). While plaintiff did not allege wrongful termination in her NYSDHR complaint, even assuming that she had, plaintiff concedes that she was terminated on March 5, 2010. Plaintiff's termination was a discrete act that occurred outside of the 300 day period and thus, any discrimination claims related to plaintiff's termination are also time barred.

Reading plaintiff's opposition liberally, plaintiff argues that her claims are timely based upon equitable tolling. Plaintiff alleges that defendant's November 24, 2010 letter and the "ultimate denial of appeal in this case is the culmination of discrimination and retaliation based upon the true series of events and documentation between SU, me and my attorney". Plaintiff's argument lacks merit. The 300–day limitations period is not a jurisdictional prerequisite to suit in federal court; it is "a requirement that, like the statute of limitations, is subject to waiver, estoppel and equitable tolling". *Mauro v. Bd. of Higher Ed.,* 658 F.Supp. 322, 323 (S.D.N.Y. 1986) (quoting *Zipes v. Trans World Airlines, Inc*., 455 U.S. 385, 393 (1982)). Equitable tolling is only appropriate in "rare and exceptional circumstance[s]," such as when a party "is prevented in some extraordinary way from exercising his rights." *Cherry v. City of New York*, 381 F. App'x 57, 59

(2d Cir. 2010) (citations and quotation omitted).  In determining if equitable tolling should apply, the court should consider whether the plaintiff (1) has acted with reasonable diligence during the time period he seeks to have tolled and (2) has proved extraordinary circumstances justifying application of the doctrine. *Id*. (citation omitted). "[T]he pendency of a grievance, or some other method of collateral review of an employment decision, does not toll the running of the limitations periods." *John v. New York City Dep't of Educ*., 313 F. App'x 404, 405 (2d Cir. 2009) (citation omitted).  Internal appellate review is insufficient as a matter of law to trigger equitable tolling.  *See Morse v. Univ. of Vermont*, 973 F.2d 122 (2d Cir. 1992) (where disabled student was terminated from masters program, internal administrative review of University's allegedly discriminatory decision had no effect on when the statute of limitations for Rehabilitation Act claim period began to run).

Plaintiff has not alleged any extraordinary circumstances that warrant the application of equitable tolling.  Even viewing the complaint in a light most favorable to plaintiff, there are no allegations that any act by defendant or defendant's bad faith prevented plaintiff from filing a timely ADA or Title VII charge.  *See Cutler v. City of New York,* 2010 WL 3469474, at *7 (S.D.N.Y. 2010) (plaintiff chose to pursue collateral review of defendant's decision and failed to file a Charge of Discrimination within the limitations period).  Plaintiff opted to delay filing her NYSDHR charge until she received a decision on her appeal of the termination of her benefits. Defendant's decision on plaintiff's appeal of the termination of her Plan benefits does not toll the 300 day limitation period.  Consequently, defendant's motion to dismiss plaintiff's complaint in its entirety, as untimely, is granted.

**B.    Failure to Exhaust**

Even assuming plaintiff's allegations were timely, in the alternative, defendant alleges that plaintiff's ADA claims, with the exception of plaintiff's denial of benefits claim, are subject to dismissal for failure to exhaust administrative remedies. Defendant asserts that plaintiff's administrative filing, "unambiguously limit[ed] her claim to disability discrimination based on the denial of benefits under the Plan". Accordingly, defendant contends that the additional claims asserted in the within complaint, i.e., retaliation, wrongful termination, failure to accommodate under the ADA and Title VII charges must be dismissed because they are not "reasonably related" to her administrative charge.

"A claim is 'reasonably related' to allegations in an administrative charge 'where the conduct complained of would fall within the scope of the [administrative] investigation which can reasonably be expected to grow out of the charge of discrimination' ". *Henny v. New York State*, 842 F.Supp.2d 530, 558 (S.D.N.Y. 2012) (quoting *Butts*, 990 F.2d at 1401). There are three types of "reasonably related" claims: (1) claims that "fall within the scope of the [agency's] investigation which can reasonably be expected to grow out of the charge of discrimination;" (2) claims that allege retaliation for filing an administrative charge; and (3) claims that allege "further incidents of discrimination carried out in the same manner alleged in precisely [sic] the [administrative] charge." *Carter v. New Venture Gear, Inc.*, 310 F. App'x 454, 455 (2d Cir. 2009) (quoting *Butts,* 990 F.2d at 1402–1403). The "substance of the charge" filed with the administrative agency must give the agency "adequate notice to investigate discrimination on [the] bas[is]" alleged by the plaintiff in his Title VII claim. *Id.* (citing *Mathirampuzha v. Potter*, 548 F.3d 70, 76–78 (2d Cir. 2008)). Here, defendant alleges that only the first exception is applicable.

9

As discussed *supra*, plaintiff filed her NYSDHR charge and specifically stated that she was discriminated against due to her disability because she was denied disability benefits. Plaintiff only checked the complaint box for disability while leaving the remaining boxes blank, including boxes for race, gender, and retaliation. *See Hurt v. Donahoe*, 2011 WL 10526984, 3 -4 (E.D.N.Y. 2011) ("the focus of the plaintiff's EEOC charge was to allege discrimination based on disability and nothing else"). Under "Acts of Discrimination", plaintiff checked only "denied me leave time or other benefits" while leaving the box for "fired me/laid me off" blank. Plaintiff also included, as an exhibit to her charge, her attorney's August 2010 letter to defendant appealing the termination of plaintiff's benefits.

Plaintiff's federal complaint contains, *inter alia*, allegations of wrongful termination and retaliation. Plaintiff has not established that her allegations of wrongful termination and retaliation are "reasonably related" to the claims that she raised in the NYSDHR complaint. In her NYSDHR complaint, plaintiff did not mention the termination of her employment or any alleged retaliatory acts. Further, in her counsel's August 2010 letter, there is no appeal or request relating to plaintiff's March 5, 2010 termination, which defendant claims was due to deficiencies in performance. Nothing in the NYSDHR complaint would suggests that defendant terminated plaintiff or retaliated against plaintiff such that those allegations could be construed as reasonable within the scope of the investigation. The NYSDHR charge is devoid of any reference to race discrimination, gender discrimination, or retaliation, or any facts that could be construed as raising those issues. *See id.* (these second generation claims are barred by her failure to exhaust administrative remedies, and, consequently, are dismissed with prejudice).

Consequently, plaintiff's ADA claims, with the exception of the denial of benefits claim are subject to dismissal for failure to exhaust administrative remedies.

10

**III.     Title VII Claims**

Assuming plaintiff's Title VII claims were not barred due to procedural deficiencies, defendant argues that plaintiff's Title VII claims are nonetheless subject to dismissal because Title VII does not prohibit discrimination on the basis of disability.  Plaintiff has not responded to this argument.   The Americans With Disabilities Act, 42 U.S.C. § 12101 *et seq.,* prohibits discrimination against individuals with disabilities.  Title VII, which prohibits employment discrimination on the basis of race, color, religion, sex, or national origin, does not protect against disability discrimination.  *Quiroz v. U.S. Postal Serv*., 2008 WL 373695, at *8 (S.D.N.Y. 2008).  Plaintiff's complaints of discrimination are based solely upon her alleged disability.  Accordingly, plaintiff's claims against defendant under Title VII must be dismissed.  *See Harrison v. New York City Housing Auth*., 2001 WL 1658243, at *1 (S.D.N.Y. 2001).

**IV.     ADA Claims**

Assuming plaintiff's ADA claims were not subject to dismissal for procedural deficiencies, in the alternative, defendant seeks dismissal of all of plaintiff's ADA claims arguing that plaintiff cannot establish a *prima facie* case because she is not a "qualified individual with a disability" within the meaning of the statute.  "A plaintiff can make a *prima facie* showing of failure to make a reasonable accommodation under the Rehabilitation Act by establishing (1) that she is an individual who has a disability within the meaning of the statute, (2) that an employer covered by the statute had notice of her disability, (3) that with reasonable accommodation, she could perform the essential functions of the position sought, and (4) that the employer has refused to make such accommodations".  *Carter v. Potter*, 2008 WL 1848639, at *5 (E.D.N.Y. 2008) (citing *Stone v. City of Mt. Vernon*, 118 F.3d 92, 96 (2d Cir. 1997)).  A qualified individual with a

11

disability must be able to perform the essential functions of that position. *Felix v. New York City Transit Auth.,* 154 F.Supp.2d 650, 656 (S.D.N.Y. 2001). The Second Circuit has held:

> The plaintiff bears the burden of production and persuasion on the issue of whether she is otherwise qualified for the job in question. A plaintiff cannot be considered otherwise qualified unless she is able, with or without assistance, to perform the essential functions of the job in question. It follows that the plaintiff bears the burden of proving either that she can meet the requirements of the job without assistance, or that an accommodation exists that permits her to perform the job's essential functions.

*Borkowski v. Valley Cent. Sch. Dist.*, 63 F.3d 131, 137–8 (2d Cir.1995).

"[T]he 'otherwise qualified' inquiry asks whether the plaintiff will be able to do the job." *Messer v. Bd. of Educ. of City of New York*, 2007 WL 136027, at *11 (E.D.N.Y. 2007) (citing *Shannon v. New York City Transit Auth.*, 332 F.3d 95, 100 (2d Cir .2003)).  Where an individual claims that he/she is totally disabled and unable to perform any of the essential functions of his/her job, he/she is not a QUID under the ADA. *Muller v. First Unum Life Ins. Co.,* 90 F.Supp.2d 204, 208 (N.D.N.Y. 2000) (citations omitted); *see also Albertelli v. Monroe County,* 2012 WL 1883355, at *7 -8  (W.D.N.Y. 2012).

Here, plaintiff's prior attorney continually argued, in correspondence to defendant, that plaintiff was "completely unable to work" and "totally disabled".  In the complaint, plaintiff repeatedly asserts that she is totally disabled and unable to work. *See Muller*, 90 F.Supp.2d at 208 (the amended complaint states that "Muller remains unable to perform each of the material duties of his former regular occupation.").  Moreover, plaintiff's complaint does not contain any allegation or claim that plaintiff is capable of working with a reasonable accommodation. Plaintiff's sworn averments preclude a finding that she is a qualified individual with a disability for purposes of the ADA.

12

Further, the Court notes that plaintiff "[T]he Supreme Court has held that the pursuit and receipt of Social Security disability benefits, without more, neither estops the recipient from pursuing an ADA claim nor creates any special presumption against the recipient showing, for purposes of an ADA action, that with reasonable accommodation he or she could perform the essential functions of the job." *Mitchell v. Washingtonville Cent. Sch. Dist.*, 190 F.3d 1, 6–7 (2d Cir. 1999) (citing *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795 (1999)); *see also Bohen v. Potter*, 2009 WL 791356, at *9 (W.D.N.Y. 2009) (citation omitted) (the receipt of Worker's Compensation Benefits and Social Security Disability Benefits "does not automatically bar a claim [ ... ]"). However, "[a] plaintiff who is receiving disability benefits must proffer a 'sufficient explanation' for why she asserted total disability in the agency proceeding while maintaining that she was a 'qualified individual with a disability' in the ADA action." *Bohen*, 2009 WL 791356, at *9. "[T]hat explanation must be sufficient to warrant a reasonable juror to conclude that, assuming the truth of, or the plaintiff's good faith belief in, the earlier statement, the plaintiff could nonetheless perform the essential functions of her job, with or without reasonable accommodation." *Id.* (citing *Nodelman v. Gruner & Jahr USA Pub.*, 2000 WL 502858, at *8 (S.D.N.Y. 2000) (internal citations omitted)).  Here, plaintiff has not offered any explanation for the statements made to the Social Security Administration regarding her disability.  Indeed, plaintiff relies upon the Social Security Administration's determination that she is "totally disabled" as proof that she is, in fact, totally disabled, and argues that defendant's failure to, recognize their approval of my SSD benefit due to my disability as proof of my disability is ludicrous". *See* Pltf. Cmplt. at ¶ 28.  Accordingly, plaintiff's failure to establish that she is a qualified individual within the meaning of the statute, preclude her from asserting any ADA claims.

While the Court would normally allow a *pro se* plaintiff to amend her complaint under Rule 15(a) of the Federal Rules of Civil Procedure, leave is not appropriate in this case as the Court finds, based upon the allegations in the complaint and the discussion above, that an amendment would be futile. *See Johnson v. Univ. of Rochester Med. Ctr,*, 642 F.3d 121, 124–25 (2d Cir. 2011).

## CONCLUSION

**IT IS HEREBY**

**ORDERED**, that defendant's motion for judgment on the pleadings (Dkt. No. 12) is **GRANTED**, for the reasons set forth above.

The Clerk is directed to close the case.

**IT IS SO ORDERED.**

Dated:  June 5, 2013
        Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge